Hawkins and others vs. The Northwestern Union Railway Company.

<hr>

HAWKINS vs. THE NORTHWESTERN UNION RAILWAY COMPANY.    NIGHTINGALE vs. THE NORTHWESTERN UNION RAILWAY COMPANY.    HAMMOND vs. THE NORTHWESTERN UNION RAILWAY COMPANY.

PRACTICE.(1) *Taxation of costs: objections must be taken before taxing officer.* (2) *Continuance: payment of a gross sum may be required as a condition.*

1. Objections to the taxation of costs at the circuit must in all cases be first taken *before the taxing officer*, or they cannot be heard here.
2. On granting defendant a *continuance* (for the absence of witnesses), it

was within the sound discretion of the circuit court to require, as a *condition* thereof, payment of a *gross sum* as costs and disbursements incident to the preparation of the cause for trial at the pending term, such sum not being exorbitant or unreasonable; and on appeal from such order ; defendant *cannot object to specific items* allowed and taxed by the clerk for attendance and mileage of witnesses, on the ground that the plaintiffs' affidavits in relation thereto were defective. :

APPEALS from the Circuit Court for *Outagamie* County.
*J. Coleman*, for appellant.
*Ed. S. Bragg*, for respondents.

Cole, J. These are appeals from precisely similar orders. The defendant company applied for a continuance in each of the above cases, on account of the absence of necessary and material witnesses, whose attendance it had not been able to secure for the trial. The circuit court granted the applications on condition that the company pay, before a given time, to the opposite party, a gross sum in each case, which was specified, as costs and disbursements incident to and necessary to the preparation of the trial at the term. The defendant took a continuance, and paid the sums ordered, but without prejudice to any right it might have on an appeal from the orders.

It now claims that certain witness fees were taxed and allowed the plaintiff in each case improperly and without authority of law. To this objection the counsel on the other side gives, as it seems to us, two sufficient answers :

1. That the company failed to make its objection before the taxing officer, but made it two days after the taxation.

2. That the orders appealed from fix a gross sum to be paid as terms on granting a continuance, and that the items in the bills of costs are of no importance.

We suppose correct practice required the company to state its objections, whatever they were, to the taxing officer when the costs were taxed. It is said that fees for certain witnesses for attendance upon court and for travel should not have been

allowed upon the affidavits filed. If this objection had been taken at the proper time and before the taxing officer, it might have been obviated, if the affidavits were defective in any particular — a question, however, upon which we express no opinion. For the other answer, we think, is entirely conclusive and fully disposes of all objections taken to the orders. We suppose the universal practice is, for the court to impose such terms as in its discretion may be considered reasonable and just, as a condition to granting a continuance. This is precisely what was done in these causes. The court imposed such terms as it deemed just; and it is impossible to say that the sums which the company was required to pay in each cause as a con·dition for its continuance, were exorbitant or unreasonable. They will probably no more than indemnify the plaintiffs for the expense and loss they will sustain in consequence of the causes not being brought to trial at the term.

*By the Court.* — The orders are affirmed.